**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN ROJAS REFUGIO; ERIKA
RIOS GONZALEZ; DULCE MARIA
ROJAS RIOS,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-2707

Agency Nos.
A095-804-643
A074-788-389
A215-817-431

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Martin Rojas Refugio (husband), Erika Rios Gonzalez (wife), and Dulce

Maria Rojas Rios (daughter) (collectively "Petitioners"), natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA")

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision dismissing their appeal from the immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252.  As the parties are familiar with the facts, we do not recount them here. We review the agency's denial of asylum, withholding of removal, and CAT claims for substantial evidence.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  Under this deferential standard, the agency's determination must be upheld unless "the evidence compels a contrary conclusion."  *Id.*  We deny the petition for review.[2]

1.  To be entitled to asylum or withholding of removal, an applicant must show a nexus between their persecution and a statutorily protected characteristic. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).  Substantial evidence supports the agency's determination that Petitioners failed to establish nexus.

Petitioners claim persecution on account of (1) their political opinion of persons politically opposed to the Mexican government due to its inaction in

---

[1] Petitioners filed individual applications that were adjudicated together.  In their appeal to the BIA, Petitioners designated Rojas Refugio (the husband) as the lead.

[2] Because Petitioners have not contested the BIA's denial of their motion for administrative closure, request for remand, and claim that their family was unfairly targeted for priority adjudication, they have waived review of these issues.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

protecting its citizens from violence and delinquency and (2) their membership in the particular social groups ("PSGs") of business owners (and their family members) who were perceived as Americans and unwelcomed. The daughter, Rojas Rios, also alleged the PSG of young, single women targeted for human trafficking, prostitution, and organ harvesting.

The record does not compel the conclusion that the extortionists targeted Petitioners because of their political opinion about the Mexican government or their perception of Petitioners as American. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (stating that "harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). For example, Rojas Refugio (the husband) testified that he was extorted because "all the businesses ha[d] to pay." When asked whether he was threatened or harmed due to being a member of a particular group in Mexico, he responded: "No, I wasn't a member of anything." He also responded that he did not think he was threatened or harmed because of his political opinion. Further, the record does not compel the conclusion that either Rios Gonzalez (the wife) or Rojas Rios (the daughter) were ever directly threatened or harmed on account of any protected ground.

2. While the nexus standard for withholding of removal is less demanding than for asylum, there is no distinction when there is "no nexus at all[.]" *Barajas-*

*Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Because substantial evidence supports that there was no nexus at all, we uphold the agency's denial of Petitioners' withholding of removal claim.

3. Regarding the CAT claim, substantial evidence supports that Petitioners failed to show that they will more likely than not be tortured by or with the acquiescence of government officials if removed to Mexico. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (stating that a general ineffectiveness on the government's part to investigate and prevent crime does not constitute acquiescence).

4. The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.